STATE OF NEBRASKA, APPELLEE, V. JOSEPH L. CLIFFORD, JR., APPELLANT.

281 N. W. 2d 223

Filed July 10, 1979. No. 42415.

Jerry Matthews of the Oglala Sioux Tribal Legal Services, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant was convicted by a jury in the county court on a charge of operating a motor vehicle to avoid arrest and sentenced to 60 days in the county jail. On appeal the District Court affirmed the conviction and sentence.

About midnight of September 1, 1977, a deputy sheriff was following an automobile on the highway near Rushville, Nebraska, and observed it weaving from the centerline to the shoulder of the highway. The deputy turned on his red lights and stopped the vehicle. The defendant was the driver. The deputy asked the defendant to take a field sobriety test because the defendant's eyes were bloodshot and the deputy could smell alcohol. The defendant failed the sobriety tests and the deputy informed him that he was under arrest for driving while intoxicated. The deputy returned to his patrol car to report the arrest and the defendant drove away. A high speed chase ensued in which defendant eluded a roadblock

and was finally stopped and rearrested by the deputy and another officer.

Complaints were filed in the county court of Sheridan County charging the defendant on one count of driving while intoxicated, and on a second count of operating a motor vehicle to avoid arrest. Defendant filed a demand for jury trial. After a jury had been selected and trial commenced, one of the jurors was found to be disqualified and a mistrial without prejudice was declared. Some 3 weeks later a different jury was selected and trial was held. The jury acquitted the defendant of the charge of driving while intoxicated and found him guilty of the charge of operating a motor vehicle to avoid arrest. The county court sentenced him to 60 days in the county jail. On appeal the District Court affirmed the conviction and sentence and this appeal followed.

The defendant first contends that the county court erred in granting a mistrial without prejudice and that defendant's later trial and conviction violated his constitutional right not to be twice put in jeopardy for the same offense.

The record establishes that on March 8, 1978, the jury panel was assembled and voir dire conducted. The prosecutor passed the jurors for cause. The court inquired whether two of the jurors were acquainted with the defendant and they responded: "No." The defendant's attorney inquired whether any of the jurors knew the defendant or had ever met him, and no one responded. Thereafter the panel was passed for cause, and the jury selected.

Trial commenced and continued through the morning. At the noon recess one of the jurors contacted the judge about his ability to fairly and impartially carry out his duties as a juror. The court conducted a hearing and ascertained that the juror had not associated the defendant's name with his face at the time of the voir dire examination, but after sitting through a portion of the trial the juror

realized that he and his wife were well acquainted with some of the defendant's family and knew some facts about the defendant that he did not realize at the time of the voir dire examination. The juror stated that he did not think he could be a fair and impartial juror.

The prosecutor offered to stipulate to a trial by the remaining jurors but defendant's counsel refused. The prosecutor moved for a mistrial without prejudice and the defendant moved for a mistrial with prejudice. The court declared a mistrial without prejudice. The defendant preserved his position prior to the retrial contending that he had been twice put in jeopardy for the same offense in violation of both the Nebraska and United States Constitutions.

The early common law rule was that the discharge of an impaneled jury in a criminal case for any cause before the verdict would sustain a plea of former jeopardy and operate practically as a discharge of the prisoner. The modern rule permits a court to discharge a jury without having the effect of acquitting the defendant in any case where the ends of justice would be otherwise defeated. A mistrial may be declared and a new trial granted where there is a manifest necessity to do so in order to serve the ends of public justice. See Arizona v. Washington, 434 U. S. 497, 98 S. Ct. 824, 54 L. Ed. 2d 717.

Long ago the Supreme Court recognized that the discovery of the possible bias of a juror after the commencement of trial constituted manifest necessity for a mistrial, and that a subsequent retrial of a defendant did not constitute double jeopardy. In Simmons v. United States, 142 U. S. 148, 12 S. Ct. 171, 35 L. Ed. 968, one juror swore during voir dire that he did not know the defendant. After the jury was impaneled and evidence was taken it became known that the juror knew the defendant personally. The trial court discharged the jury without prejudice and ordered retrial. The issue on appeal was whether

the subsequent retrial of the defendant constituted double jeopardy. The court held it did not and said: "There can be no condition of things in which the necessity for the exercise of this power is more manifest, in order to prevent the defeat of the ends of public justice, than when it is made to appear to the court that, either by reason of facts existing when the jurors were sworn, but not then disclosed or known to the court, or by reason of outside influences brought to bear on the jury pending the trial, the jurors or any of them are subject to such bias or prejudice as not to stand impartial between the government and the accused."

This court has held that where, during trial, a juror is found disqualified because of his partiality toward the defendant and his failure to disclose that fact on voir dire examination, the declaration of a mistrial without prejudice and a subsequent retrial did not constitute double jeopardy. See Quinton v. State, 112 Neb. 684, 200 N. W. 881. In that case we said: "The right, in the absence of statute, to exclude a juror and discharge the jury in a proper case, without prejudice to a future trial of the case on its merits, is and of necessity must be inherent in the court, within its sound discretion. This is necessary to the protection of the state, as well as for the protection of defendant. To deny it to either would be a flagrant abuse of the discretion imposed. * * *

"Thus, we conclude that the court, in considering the juror disqualified, in discharging the jury, and in sustaining the demurrer to the plea in bar, was clearly within the law, and that its acts and doings, as shown by the record, did not place defendant twice in jeopardy."

The disqualification of the juror in the present case and the declaration of a mistrial due to the juror's bias were manifestly necessary to serve the ends of justice and the retrial of the defendant under

such circumstances did not constitute double jeopardy.

Defendant also contends the court erred in refusing to instruct the jury that the State had the burden to prove defendant had actually violated a law of the State of Nebraska for which officers were attempting to arrest him in order to establish all the essential elements of the crime of operating a motor vehicle to avoid arrest.

The court instructed the jury that the State must prove beyond a reasonable doubt that the defendant was operating a motor vehicle upon a public highway or road; that he knew a law enforcement officer was attempting to arrest him for violating a law of the State of Nebraska; that he fled in a motor vehicle to avoid such arrest; and that the acts were done at the times and places alleged.

Section 60-430.07, R. S. Supp., 1978, provides: "It shall be unlawful for any person operating any motor vehicle to flee in such vehicle in an effort to avoid arrest for violating any law of this state. * * *."

The offense of fleeing in a motor vehicle to avoid arrest is separate and distinct from any offense for which law enforcement officers were attempting to make the arrest. The two offenses are not interdependent, nor is proof of the commission of one offense an essential element of proof of the other offense. Under section 60-430.07, R. S. Supp., 1978, an attempt to arrest is an essential element of the offense of fleeing in a motor vehicle to avoid arrest, but proof that the defendant actually committed the law violation for which the arrest was attempted is not required. To the extent the dicta in State v. Goodloe, 197 Neb. 632, 250 N. W. 2d 606, may be in conflict, it is disapproved.

The instructions given to the jury in the present case properly set out the essential elements of the offense, and the court did not err in refusing defend-

ant's requested instruction. The judgment of the District Court was correct and is affirmed.

AFFIRMED.