756 N.W.2d 163 (2008)
276 Neb. 630
STATE of Nebraska, Appellee,
v.
Randy L. CLAUSSEN, Appellant.
No. S-07-1141.
Supreme Court of Nebraska.
October 3, 2008.
*165 Thomas J. Garvey, Bellevue, for appellant.
Jon Bruning, Attorney General, and Kimberly A. Klein, Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
This appeal requires an examination of the proof required to establish the offense of operating a motor vehicle in an effort to avoid arrest for a felony. We conclude that the fact that a defendant is never formally charged with the offense for which an arrest is attempted does not bar the prosecution.

BACKGROUND
In two separate prosecutions in the district court for Douglas County, Randy L. Claussen entered pleas of no contest and was found guilty of three felony offenses, including unlawful possession of a controlled substance, theft by receiving stolen property, and unlawful possession of a controlled substance with intent to deliver. He failed to appear on the date set for sentencing on the three charges. In each case, the court ordered issuance of a capias for Claussen's arrest.
On April 9, 2007, law enforcement deputies learned that Claussen was planning to meet a woman in the parking lot of an Omaha restaurant later that day. Deputies in at least two unmarked vehicles went to the parking lot and waited for Claussen. When he arrived, the deputies attempted to block his vehicle in order to arrest him, and Claussen drove out of the parking lot at a high rate of speed. Deputies initially pursued Claussen, but stopped after Claussen ran several stop signs at speeds of 50 to 60 m.p.h. in a residential neighborhood near a school and a childcare center.
Claussen was apprehended several days later in Iowa. After waiving extradition, he was returned to Douglas County and was charged with operating a motor vehicle "to flee in such vehicle in an effort to avoid arrest for violation of a law constituting a felony, to wit, outstanding warrants for the following felony charges[:] Possession of Controlled Substance, Theft by Receiving Stolen Property, Unlawful Possession with Intent to Deliver Controlled Substance." Claussen was also charged with being a habitual criminal.
Claussen waived his right to a jury trial, and the court conducted a stipulated bench trial at which it received documentary evidence regarding Claussen's prior convictions, the issuance of the two capiases, and the attempted arrest. The parties also stipulated (1) that if called to testify, the deputies would identify Claussen as the operator of the vehicle at the time of the attempted arrest; (2) that at the time of the attempted arrest, Claussen had not been charged with failure to appear at the March 27, 2007, sentencing hearing; (3) *166 that there were no other outstanding felony charges; and (4) that the attempted arrest was solely pursuant to the capias.
Based upon this stipulated evidence, the district court found Claussen guilty of operating a motor vehicle to avoid arrest and, after conducting an enhancement hearing, determined that he was a habitual criminal. The court sentenced Claussen to a term of imprisonment of 10 years to 10 years, with credit for time served. Claussen timely appealed, and we moved the case to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[1]

ASSIGNMENT OF ERROR
Claussen assigns that the district court erred in finding him guilty of felony flight to avoid arrest without a predicate felony.

STANDARD OF REVIEW
[1, 2] The meaning of a statute is a question of law.[2] On a question of law, we reach a conclusion independent of the court below.[3]
[3] When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

ANALYSIS
[4] In Nebraska, all crimes are statutory, and no act is criminal unless the Legislature has in express terms declared it to be so.[5] The statute defining the offense for which Claussen was convicted is Neb.Rev.Stat. § 28-905(2) (Cum. Supp. 2006). It provides: "Any person who operates any motor vehicle to flee in such vehicle in an effort to avoid arrest for the violation of any law of the State of Nebraska constituting a felony commits the offense of felony operation of a motor vehicle to avoid arrest."
This court has not previously discussed the proof necessary to establish the statutory elements set forth in § 28-905(2). But under a prior statute which made it unlawful "for any person operating any motor vehicle to flee in such vehicle in an effort to avoid arrest for violating any law... in this state,"[6] we held that the State was not required to prove that the defendant had actually violated the law for which the arrest was attempted.[7] The defendant in State v. Clifford[8] fled after being stopped for driving while intoxicated. He was subsequently apprehended and charged with driving under the influence and operating a motor vehicle to avoid arrest. He was acquitted on the first charge but convicted on the second. In affirming the conviction, this court wrote:
The offense of fleeing in a motor vehicle to avoid arrest is separate and distinct *167 from any offense for which law enforcement officers were attempting to make the arrest. The two offenses are not interdependent, nor is proof of the commission of one offense an essential element of proof of the other offense. Under section 60-430.07, R.S. Supp., 1978, an attempt to arrest is an essential element of the offense of fleeing in a motor vehicle to avoid arrest, but proof that the defendant actually committed the law violation for which the arrest was attempted is not required.[9]
[5, 6] The Nebraska Court of Appeals has applied the principles stated in Clifford to determine the proof required by § 28-905. That court has held that an attempt to arrest is an essential element of the offense of fleeing in a motor vehicle to avoid arrest, but proof that the defendant actually committed the law violation for which the arrest was attempted is not required.[10] The Court of Appeals has also held that in a prosecution for felony operation of a motor vehicle to avoid arrest under § 28-905(2), there must be some articulable evidence that the underlying violation for which the motorist was fleeing to avoid arrest constituted a felony.[11] We agree with these holdings.
[7] The evidence in this case establishes that at the time of Claussen's attempted arrest, he was the subject of two pending criminal prosecutions in which he had been convicted of three felony offenses. He had been released on bond and failed to appear for sentencing. A capias was issued in each case "for the arrest of Randy L. Claussen for failure to appear." Neb.Rev.Stat. § 29-908 (Reissue 1995) provides in relevant part:
Whoever is charged with a felony and is released from custody under bail, recognizance, or a conditioned release and willfully fails to appear before the court granting such release when legally required or to surrender himself within three days thereafter, shall be guilty of a Class IV felony, in addition to any other penalties or forfeitures provided by law.
Thus, the record clearly establishes that deputies attempted to arrest Claussen for conduct which constitutes a felony and that Claussen operated a motor vehicle to avoid such arrest. The fact that Claussen was never formally charged with failure to appear is immaterial.

CONCLUSION
For the reasons discussed, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] See Neb.Rev.Stat. § 24-1106(3) (Reissue 1995).
[2] Goodyear Tire & Rubber Co. v. State, 275 Neb. 594, 748 N.W.2d 42 (2008).
[3] Pierce v. Douglas Cty. Civil Serv. Comm., 275 Neb. 722, 748 N.W.2d 660 (2008).
[4] State v. Gutierrez, 272 Neb. 995, 726 N.W.2d 542 (2007); State v. Robinson, 272 Neb. 582, 724 N.W.2d 35 (2006).
[5] State v. Gozzola, 273 Neb. 309, 729 N.W.2d 87 (2007); State v. Davlin, 263 Neb. 283, 639 N.W.2d 631 (2002).
[6] Neb.Rev.Stat. § 60-430.07 (Reissue 1978).
[7] State v. Clifford, 204 Neb. 41, 281 N.W.2d 223 (1979).
[8] Id.
[9] Id. at 46, 281 N.W.2d at 226.
[10] State v. Ellingson, 13 Neb.App. 931, 703 N.W.2d 273 (2005); State v. Taylor, 12 Neb. App. 58, 666 N.W.2d 753 (2003); State v. Carman, 10 Neb.App. 373, 631 N.W.2d 531 (2001).
[11] State v. Taylor, supra note 10.