State of Nebraska, appellee, v.
Jacob D. Armagost, appellant.
___ N.W.2d ___

Filed June 19, 2015.    No. S-14-058.

1. **Jury Instructions.** Whether the jury instructions given by a trial court
   are correct is a question of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an
   appellate court resolves the questions independently of the conclusion
   reached by the lower court.
3. **Jury Instructions.** In giving instructions to the jury, it is proper for the
   court to describe the offense in the language of the statute.
4. **Jury Instructions: Proof: Appeal and Error.** To establish reversible
   error from a court's refusal to give a requested instruction, an appel-
   lant has the burden to show that (1) the tendered instruction is a correct
   statement of the law, (2) the tendered instruction is warranted by the
   evidence, and (3) the appellant was prejudiced by the court's refusal to
   give the tendered instruction.
5. **Criminal Law: Legislature: Statutes.** Within constitutional bound-
   aries, the Legislature is empowered to define a crime.

Petition for further review from the Court of Appeals,
Inbody, Riedmann, and Bishop, Judges, on appeal thereto from
the District Court for Merrick County, Michael J. Owens,
Judge. Judgment of Court of Appeals affirmed.

Mitchell C. Stehlik, of Lauritsen, Brownell, Brostrom &
Stehlik, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, Laura Nigro, and Erin E.
Tangeman for appellee.

Heavican, C.J., Wright, Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Wright, J.

## NATURE OF CASE

Jacob D. Armagost was charged with operating a motor vehicle in a willful reckless manner to avoid arrest and was subsequently convicted by a jury. On appeal, the Nebraska Court of Appeals held that an attempt to arrest or issue a citation to a defendant is an essential element of the offense of operating a motor vehicle to avoid arrest. See *State v. Armagost*, 22 Neb. App. 513, 856 N.W.2d 156 (2014). It concluded the district court erred in failing to include a jury instruction on the material elements of the offense, but that the error was harmless. Armagost and the State petitioned for further review.

## SCOPE OF REVIEW

[1,2] Whether the jury instructions given by a trial court are correct is a question of law. *United Gen. Title Ins. Co. v. Malone*, 289 Neb. 1006, 858 N.W.2d 196 (2015). When reviewing questions of law, an appellate court resolves the questions independently of the conclusion reached by the lower court. *In re Guardianship & Conservatorship of Barnhart*, 290 Neb. 314, 859 N.W.2d 856 (2015).

## FACTS

A jury found Armagost guilty of operating a motor vehicle in a willful reckless manner to avoid arrest. He was found to be a habitual criminal, and the district court sentenced him to 10 to 14 years' imprisonment.

At the jury instruction conference, Armagost offered a proposed jury instruction setting forth a definition of the term "arrest." Defense counsel argued that it was important for the jury to know the definition of an arrest so that the jury could determine whether the essential element of an attempt to arrest Armagost was satisfied. The district court declined to give the proposed instruction, indicating that such instruction

could confuse the jury, since an actual arrest was not necessary for a conviction.

Armagost also objected to instruction No. 3, which set forth the elements of the offense, on the basis that it omitted the element of an attempt to arrest him. The district court overruled the objection and gave the elements instruction as written, without including the element of an attempted arrest. The jury found Armagost guilty of operating a motor vehicle in a willful reckless manner to avoid arrest.

On appeal, Armagost assigned, inter alia, that the district court erred in giving jury instruction No. 3 pertaining to the charge of flight to avoid arrest, which did not include a requirement that the jury find the officer made an attempt at an arrest. He also contended that the district court erred in failing to offer his proposed jury instruction containing the definition of "arrest."

The Court of Appeals affirmed Armagost's conviction and sentence. It found that the district court erred by giving a jury instruction on the material elements of the offense that omitted the element of an attempt to arrest or cite Armagost, but determined that the error was harmless. The court concluded that a jury instruction on the definition of "arrest" was not warranted. Armagost and the State each petitioned this court for further review.

ASSIGNMENTS OF ERROR

Armagost claims the Court of Appeals erred when it found that an attempt at an arrest or citation was an essential element of the crime charged, but concluded that the failure to so instruct the jury was harmless error. He also contends that it was error not to give his proposed jury instruction on the definition of "arrest."

The State asserts that the Court of Appeals erred in finding that an attempt to arrest or cite Armagost was an essential element of the charge of operating a motor vehicle in a willful reckless manner to avoid arrest.

## ANALYSIS

The question we address is whether the attempt to arrest or issue a citation is an essential element of the charge of operating a motor vehicle in a willful reckless manner to avoid arrest under Neb. Rev. Stat. § 28-905 (Reissue 2008).

The State claims that the attempted arrest or citation is implicit in the language of § 28-905, which provides in relevant part:

(1) Any person who operates any motor vehicle to flee in such vehicle in an effort to avoid arrest or citation commits the offense of operation of a motor vehicle to avoid arrest.

. . . .

(3)(a) Any person who violates subsection (1) of this section shall be guilty of a Class IV felony if, in addition to the violation of subsection (1) of this section, one or more of the following also applies:

. . . .

(iii) The flight to avoid arrest includes the willful reckless operation of the motor vehicle.

The Court of Appeals found, and it was not disputed, that instruction No. 3 mirrored the language of § 28-905. Therefore, we turn to instruction No. 3 as given to the jury, which stated:

The material elements which the State must prove beyond a reasonable doubt in order to convict [Armagost] of the offense of operating a motor vehicle in a willful reckless manner to avoid arrest are:

1. That . . . Armagost . . . operated a motor vehicle;

2. That [Armagost] fled in such vehicle in an effort to avoid arrest or citation;

3. That [Armagost] did so in a willful reckless manner; and

4. That [Armagost] did so on or about June 6, 2013, in Merrick County, Nebraska.

A person drives in a willful reckless manner if he or she drives any motor vehicle in such a manner as

to indicate a willful disregard for the safety of persons or property.

The elements of the lesser included offense of operating a motor vehicle to avoid arrest are:

1. That . . . Armagost . . . operated a motor vehicle; and

2. That [Armagost] did so in an effort to avoid arrest or citation; and

3. That [Armagost] did so on or about June 6, 2013, in Merrick County, Nebraska.

This instruction mirrors the statute, but Armagost claims that the jury should have been given an instruction on the separate element of attempted arrest or citation. We disagree.

[3,4] In giving instructions to the jury, it is proper for the court to describe the offense in the language of the statute. *State v. Sanders*, 269 Neb. 895, 697 N.W.2d 657 (2005). To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Banks*, 278 Neb. 342, 771 N.W.2d 75 (2009).

In concluding that the district court should have included an instruction on attempted arrest or citation, the Court of Appeals relied on our statement in *State v. Williams*, 247 Neb. 931, 939, 531 N.W.2d 222, 229 (1995), *overruled, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998), that "[j]ury instructions that set forth only the statutory elements of a crime are insufficient when they do not set forth all the essential elements of the crime." The Court of Appeals relied on our statement in *State v. Claussen*, 276 Neb. 630, 756 N.W.2d 163 (2008), that an attempt at an arrest or citation is an essential element of the offense of operating a motor vehicle to avoid arrest. Based on our statements in *Williams* and *Claussen*, the Court of Appeals concluded that the district court erred in failing to include an instruction to the jury on attempted arrest or citation.

The State contends that we rejected a court's ability to look beyond the language of a statute in determining an element of a crime in *Burlison*, thus overruling our holding in *Williams*. We agree.

The Court of Appeals' reliance on our statement in *Williams* was misplaced. Since overruling *Williams*, we have consistently held that when instructing the jury, it is proper for the court to describe the offense in the language of the statute. See, *State v. Kass*, 281 Neb. 892, 799 N.W.2d 680 (2011); *State v. Davlin*, 272 Neb. 139, 719 N.W.2d 243 (2006); *State v. Sanders, supra*.

This principle simplifies the process of preparing jury instructions. It provides certainty for trial courts concerning the question whether the essential elements of the offense have been given to the jury.

[5] Using the specific language of a statute more effectively implements the intent of the Legislature. Within constitutional boundaries, the Legislature is empowered to define a crime. *State v. Burlison, supra*. In *Burlison*, we held that the only elements of murder in the second degree were those which the Legislature included in the statute on second degree murder, namely, the causation of death intentionally but without premeditation. And we have followed this principle in considering whether a jury has been properly instructed as to the elements of the crime charged. See, *State v. Kass, supra*; *State v. Davlin, supra*; *State v. Sanders, supra*.

Additionally, the State argues that the Court of Appeals' reliance on our statement in *Claussen* that "attempt to arrest" was an essential element of the crime of operating a motor vehicle in a willful reckless manner to avoid arrest was misplaced. Memorandum brief for appellee in support of petition for further review at 3. The State distinguishes *Claussen*, because our interpretation of the statute addressed the sufficiency of the evidence and not the adequacy of jury instructions. We agree. In *Claussen*, we did not suggest that attempted arrest or citation must be included as a separate element in the jury

instructions. Instead, we were addressing whether there was sufficient evidence to sustain a conviction.

However, even assuming arguendo that our statement in *Claussen* regarding attempted arrest or citation had been referring to jury instructions, our conclusion remains the same. Instruction No. 3, which used the language of the statute, was sufficient to describe the elements of the crime charged. To convict Armagost, the district court required the jury to find that "[Armagost] fled in such vehicle in an effort to avoid arrest or citation." Thus, the jury necessarily had to determine that Armagost fled from an attempted arrest or citation, otherwise there would be nothing for him to avoid or from which to flee. No separate instruction was necessary to convey this point to the jury. The charge of operating a vehicle to avoid arrest or citation inherently implies the defendant was attempting to avoid an arrest or citation.

We find that Armagost's proposed jury instruction regarding the definition of "arrest" was unnecessary and could have confused the jury. Consequently, the district court did not err in excluding it from the jury instructions. The proposed instruction stated:

> An arrest is taking custody of another person for the purpose of holding or detaining him or her to answer to a criminal charge, and to effect an arrest, there must be an actual or constructive seizure or detention of the person arrested.
>
> *State v. Heath*, 21 Neb.App. 141 (2013)[.]

The proposed instruction is a correct statement of the law, but an instruction on the definition of arrest was not required. The Court of Appeals correctly concluded that in order to be convicted of this charge, it was not necessary for the State to prove that an arrest had been effected.

Unlike charges for resisting arrest and escape from arrest, which involve a crime occurring after or during an arrest, the charge of operating a motor vehicle to avoid arrest occurs before the arrest. The charge means that the defendant attempted to avoid arrest, and whether a defendant was "under

arrest" is not a material element of fleeing to avoid arrest. Such an instruction could have confused the jury as to whether an arrest was an element of the crime charged. Unlike an offense or civil action where the nature of a person's detention is at issue, a common understanding of the term "arrest" was sufficient for the jury to convict Armagost of willful reckless use of a vehicle to avoid arrest.

For the reasons stated above, we find that the district court did not err in refusing to instruct the jury that an attempted arrest or citation was an element of the offense and did not err in refusing to give a separate instruction on the legal definition of "arrest."

## CONCLUSION

We affirm the Court of Appeals' decision affirming Armagost's conviction, but disapprove of its conclusion that under § 28-905, an attempt to arrest or cite a defendant must be separately identified as an element in jury instructions.

AFFIRMED.

McCormack, J., participating on briefs.