STATE OF NEBRASKA, APPELLEE, v. JOE ALBERT MUNN, APPELLANT.

322 N.W.2d 429

Filed July 23, 1982. No. 81-769.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch, for appellant.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

The defendant was charged by information with a violation of Neb. Rev. Stat. § 28-706(6) (Reissue 1979), felony criminal nonsupport, and was convicted after a jury trial. The defendant assigns two errors: (1) The trial court erred in overruling defendant's plea in bar on the basis of former jeopardy; and (2) The trial court erred in admitting an attested copy of a decree of dissolution of marriage from the District Court for the City and County of Denver, Colorado.

Defendant was first brought to trial before a jury on August 21, 1981. During the opening statement the county attorney stated to the jury that he was personally convinced that there was sufficient evidence to justify a verdict of guilty. Defendant's counsel, after conferring with defendant, thereupon moved for a mistrial and the mistrial was declared. On August 24, 1981, the defendant was again brought to trial. The defendant, by his counsel, filed a plea in bar, suggesting that since the error upon which the mistrial was declared had been procured by the prosecuting attorney, jeopardy had attached and the State could not again bring him to trial. The trial court overruled the plea in bar.

After briefs were submitted on appeal, defendant's counsel called to this court's attention the decision of *Oregon v. Kennedy,* ____ U.S. ____, ____, 102 S. Ct. 2083, 2089, 72 L. Ed. 2d 416 (1982), in which the Court held: "Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. A defendant's motion for a mistrial constitutes 'a deliberate election on his

part to forgo his valued right to have his guilt or innocence determined before the first trier of fact.' . . . Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, '[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error.' . . . Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of Double Jeopardy to a second trial after having succeeded in aborting the first on his own motion." Defendant conceded that he did not meet the burden of establishing that the prosecutor's overzealous opening argument was given with intent to goad defendant into a mistrial motion. Defendant has abandoned his claim of former jeopardy based on the U.S. Constitution. He asserts, but does not argue, the proposition of Neb. Const. art. I, § 12, that "No person shall be compelled, in any criminal case, to give evidence against himself, or be twice put in jeopardy for the same offense." While it is true that a jury was impaneled and sworn in the first trial, counsel is able to cite no case, and we are unable to discover any in Nebraska, in which a standard higher than that of the U.S. Supreme Court in *Oregon v. Kennedy, supra,* would obtain in this state. It has always been the rule in Nebraska that when a jury is unable to agree and is discharged, the retrial of the defendant does not violate the constitutional guarantee of article 1, § 12. *Shaffer v. State,* 123 Neb. 121, 242 N.W. 364 (1932). The assignment of error is without merit.

The next assignment of error involves the construction of the proper relationship between Neb. Rev. Stat. § 27-902 (Reissue 1979) of the Nebraska Rules of Evidence and Neb. Rev. Stat. § 25-1286 (Reissue 1979). The State successfully introduced, over the objection of the defendant, a copy of a separation

agreement and decree of dissolution of marriage entered by the District Court for the City and County of Denver, Colorado. On the copy there appears the seal of the District Court with the following inscription: "District Court City & County of Denver, Colo. Certified to be a full, true and correct copy of the original in my custody. July 24, 1979 /s/ Dean A. Nakorpm [sic] Clerk of the District Court by /s/ Joe N. Vaughn [sic], Deputy Clerk. Court Seal."

Section 25-1286 provides: "That of a sister state [judicial records] may be proved by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of a judge, chief justice, or presiding magistrate, that the attestation is in due form of law." Munn strenuously argues, and it is apparent from the face of the exhibit, that there is no certificate of a judge, chief justice, or presiding magistrate that the attestation is in due form. However, the State argues that § 27-902(1) specifically allows the introduction of the exhibit. In pertinent part that section provides: "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: (1) A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof . . . or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution."

Attest is defined by Black's Law Dictionary 117 (5th ed. 1979): "[T]he technical word by which, in the practice in many of the states, a certifying officer gives assurance of the genuineness and correctness of a copy. Thus, an 'attested' copy of a document is one which has been examined and compared with the original, with a certificate or memorandum of its correctness, signed by the persons who have examined it."

The positions of the various parties are clearly drawn. Under § 27-902(1) of the Nebraska Rules of Evidence the attested copy of the record is admissible; however, under § 25-1286 the document would appear not to be admissible. Counsel for the defendant urges us to construe the sections of the statute in pari materia. He points out specifically that while adjacent sections of § 25-1286 were repealed at the time of the adoption of the Nebraska Rules of Evidence, this section was not specifically repealed by the Legislature.

The State argues that by the adoption of the Nebraska Rules of Evidence § 25-1286 was repealed by implication. Although not argued, we are conscious of Neb. Const. art. III, § 14, and that part of it which reads: "And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed."

Neb. Rev. Stat. § 27-101 (Reissue 1979) provides: "These rules govern proceedings in the courts of the State of Nebraska, except to the extent and with the exceptions stated in section 27-1101." (Exceptions not material to this action.)

Neb. Rev. Stat. § 27-102 (Reissue 1979) states: "These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." The Nebraska Rules of Evidence are by their terms designed to guide the trial courts in the admission of evidence before all courts of this state except in selected proceedings. They constitute an independent and complete act. An exception to article III, § 14, has always been where an independent act is not unconstitutional for failure to mention and repeal other sections of the statutes. *Aschenbrenner v. Nebraska P.P. Dist.,* 206 Neb. 157, 291 N.W.2d

720 (1980); *State ex rel. Douglas v. Gradwohl,* 194 Neb. 745, 235 N.W.2d 854 (1975); *Live Stock Nat. Bank v. Jackson,* 137 Neb. 161, 288 N.W. 515 (1939); *Department of Banking v. Foe,* 136 Neb. 422, 286 N.W. 264 (1939); *Hinman v. Temple,* 133 Neb. 268, 274 N.W. 605 (1937).

We therefore hold that the adoption of the Nebraska Rules of Evidence repealed § 25-1286. The exhibit was properly received. The assignment of error is without merit. The judgment of the District Court is affirmed.

AFFIRMED.