STATE OF NEBRASKA, APPELLEE, V.
GREGORY G. HALL, APPELLANT.
708 N.W.2d 209

Filed December 2, 2005.   No. S-04-1478.

Gregory A. Pivovar for appellant and Gregory G. Hall, pro se.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

This is Gregory G. Hall's second direct appeal from his sentencing as a habitual criminal, following this court's remand for

a new enhancement hearing. See *State v. Hall*, 268 Neb. 91, 679 N.W.2d 760 (2004).

## BACKGROUND

In September 2002, Hall was charged in Sarpy County, Nebraska, with one count of possession of a controlled substance with intent to deliver, one count of possession of a controlled substance, and two counts of delivery of a controlled substance. Hall was also charged as a habitual criminal. In January 2003, pursuant to a plea agreement, Hall pled guilty to one count of delivery of a controlled substance, a Class III felony, and the State dismissed the three remaining counts, but not the habitual criminal charge. At the evidentiary hearing on the habitual criminal charge, the State introduced evidence of Hall's prior convictions from Platte County and Douglas County, Nebraska, and Bernalillo County, New Mexico. Based on his convictions in Platte and Bernalillo Counties, the district court found that Hall was a habitual criminal and sentenced him to 10 years' imprisonment.

In his first direct appeal, Hall conceded that the State had met its burden of proof in regard to his Platte County conviction. *Hall, supra*. However, this court found merit to Hall's argument that the State's evidence of his New Mexico conviction was insufficient to support enhancing his sentence because it did not show that he had or waived counsel at the time of his conviction. We noted that "contrary to the district court's observations, Hall was not convicted and sentenced on the same day, but, rather, was convicted by a jury on July 16, 1981, and thereafter sentenced on September 8." *Id.* at 96-97, 679 N.W.2d at 765.

We concluded that although the evidence showed Hall had been represented by counsel at the time he was sentenced, it did not show he had been represented at the time of the jury's guilty verdict. We rejected the State's argument that the issue was controlled by *State v. Sherrod*, 229 Neb. 128, 134, 425 N.W.2d 616, 621 (1988) (holding that State satisfied its burden to prove prior, counseled conviction by producing evidence that defendant had or waived counsel "at a critical point in the proceedings," which proof then shifts burden to defendant to show that he was unrepresented at prior conviction). We concluded that the issue was

controlled by our more recent decision in *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002), in which we held that the State's evidence must show defendant had or waived counsel at the time of his or her prior convictions. We therefore concluded that the district court erred in finding Hall to be a habitual criminal, vacated Hall's sentence, and remanded the cause for a new enhancement hearing. *Hall, supra.*

On September 24, 2004, the district court conducted a new enhancement hearing. At the hearing, the following exchange occurred:

[Prosecutor]: The first thing I would like to do, Your Honor, is offer any exhibits, any and all exhibits that were offered previously at the enhancement hearing [exhibits 1 through 12] that was held on this case.

[Defense]: Judge, I'm going to object to that. I wasn't counsel of record at the time and I'm not sure all proper objections were made to those exhibits.

THE COURT: Okay. The objection is overruled. The previous exhibits are received, will be considered by the court.

[Prosecutor]: I would also like to —

THE COURT: Except I suppose the one that — how it got back here was the one conviction down in New Mexico.

[Prosecutor]: I think I would still like that exhibit offered and received. It might not be sufficient unless I add to it.

THE COURT: Okay.

[Prosecutor]: That's I guess what I would like to be able to do.

[Defense]: To that particular exhibit [exhibit 7], Judge, I would offer a form and foundation objection.

THE COURT: Okay. And that's overruled.

[Prosecutor]: I would like to offer and mark new exhibits and, Judge, what number are we up to at this point?

THE COURT: I was going to tell you that would be Exhibit No. 13.

[Prosecutor]: I would offer to the Court Exhibit 13, which is a six-page document which has been certified by the clerk's office in Bernalillo County, New Mexico, and I would offer that at this time and, then, I would ultimately

make some comments as to what's contained within that exhibit.

[Defense]: Judge, my objection to the six-page document is, again, form and foundation. The documents are simply certified, they're not authenticated. The statute in this particular area calls for an authenticated document in order for it to be valid. The case law in this particular area accepts certified copies of this Court's judgment, but has continuously upheld that out-of-state documents have to be authenticated, and those documents are not authenticated.

The court took under advisement the objection to exhibit 13. The record shows that exhibit 13 includes copies of the same documents contained within exhibit 7. Those documents showed Hall's grand jury indictment, listing the public defender's office as his defense attorney, and the trial court's signed judgment and sentence, showing that Hall was represented by Ron Koch at sentencing. Exhibit 13 also included additional certified copies from Hall's New Mexico proceeding as follows: (1) the appearances page from a deposition taken for trial, showing that Hall was represented by Koch; (2) the prosecutor's notice of witnesses sent to Koch and the attorney for Hall's codefendant; and (3) a court-captioned filing showing Hall's representation by Koch, the charges, disposition, and dates trial commenced and concluded.

On October 4, 2004, the court entered a written order in which it found that the State's evidence showed Hall was represented by Koch at his 1981 jury trial and that Hall was sentenced to more than 1 year of incarceration by the court. The court stated that the documents were certified by the clerk of the district court in New Mexico, without specifically addressing Hall's authentication objection. The court found that Hall was a habitual criminal, ordered a presentence investigation, and set a date for sentencing. On December 27, the court sentenced Hall to a term of 10 years' imprisonment with credit for time served. Hall appeals.

## ASSIGNMENTS OF ERROR

Hall assigns that the district court erred in (1) overruling his objections to exhibits 1 through 12 previously offered at the first enhancement hearing, because the exhibits were not re-marked

and reoffered on an individual basis in the second hearing, and (2) finding that he had two prior convictions for which he served a term of imprisonment of more than 1 year.

## STANDARD OF REVIEW

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *State v. Anglemyer*, 269 Neb. 237, 691 N.W.2d 153 (2005). A trial court's determination of the admissibility of physical evidence will not ordinarily be overturned except for an abuse of discretion. *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005).

## ANALYSIS

Nebraska's habitual criminal statutes provide for enhanced mandatory minimum and maximum sentences for a convicted defendant who "has been twice convicted of a crime, sentenced, and committed to prison, in this or any other state . . . for terms of not less than one year." Neb. Rev. Stat. § 29-2221(1) (Reissue 1995); *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004). In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove the fact of prior convictions by a preponderance of the evidence and the trial court determines the fact of prior convictions based upon the preponderance of the evidence standard. *State v. Hurbenca*, 266 Neb. 853, 669 N.W.2d 668 (2003).

In Hall's first direct appeal, we stated, "Hall concedes that the State met its burden with respect to the Platte County [Nebraska] conviction and that this conviction is valid for enhancement purposes." *State v. Hall*, 268 Neb. 91, 96, 679 N.W.2d 760, 765 (2004). We remanded for a new enhancement hearing only because we concluded that the State had failed to meet its burden of showing Hall was represented by counsel at the time of his New Mexico conviction.

The law-of-the-case doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit or prosecution. See *Gales, supra* (declining to reconsider, in appeal from resentencing, issues decided in first direct appeal). Matters previously addressed in

an appellate court are not reconsidered unless the petitioner presents materially and substantially different facts. *Id.* Although Hall assigns that the district court erred in concluding he had two prior convictions, his arguments are limited to the validity of his New Mexico conviction. Hall does not present materially or substantially different facts regarding his Platte County conviction. Thus, we do not consider in this appeal the validity of Hall's Platte County conviction for enhancement purposes.

In support of his first assignment of error, Hall argues that the district court's receipt of the 12 exhibits from the first enhancement hearing without requiring the State to re-mark and reoffer the exhibits individually "is violative of [Hall's] right to confrontation and constitutes improper judicial notice of those exhibits." Brief for appellant at 9.

█ Neb. Evid. R. 103(1), Neb. Rev. Stat. § 27-103(1) (Reissue 1995), provides: "Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and: (a) . . . a timely objection or motion to strike appears of record, stating the specific ground of objection, if a specific ground was not apparent from the context . . . ." This court has stated, " '[t]he reason for the requirement of specificity is to permit both court and counsel to better deal with the objection, either by way of counsel's correction of the claimed error, or as assistance to the court for a fair and more accurate ruling.' " *State v. Richard*, 228 Neb. 872, 885, 424 N.W.2d 859, 867 (1988) (concluding that defense counsel's relevancy objections were insufficient to alert trial court to issue of improper impeachment raised on appeal and thus failed to preserve issue for appeal), quoting *Langenheim v. City of Seward*, 200 Neb. 740, 265 N.W.2d 446 (1978). In addition:

> "Unless the objection to offered evidence be sufficiently specific to enlighten the trial court and enable it to pass upon the sufficiency of such objection and to observe the alleged harmful bearing of the evidence from the standpoint of the objector, no question can be presented therefrom in the court of appeal."

*State v. Farrell*, 242 Neb. 877, 883, 497 N.W.2d 17, 21 (1993) (determining that defendant's general objections to evidence at trial, which referred to relevancy and arguments made earlier,

did not sufficiently alert trial court to grounds for error alleged on appeal), *disapproved on other grounds, State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999). See, also, *State v. King*, 269 Neb. 326, 693 N.W.2d 250 (2005) (holding that defendant's foundation objection failed to preserve challenge on appeal to admissibility of expert testimony). But see *State v. Mowell*, 267 Neb. 83, 672 N.W.2d 389 (2003) (holding that defense counsel's objections at trial explicitly referring to same objections he had made at previous hearing sufficiently alerted State and trial court to specific ground of objection and preserved issues for appeal).

At the enhancement hearing, Hall stated his basis for objection to exhibits 1 through 12: "Judge, I'm going to object to that. I wasn't counsel of record at the time and I'm not sure all proper objections were made to those exhibits." The record shows that at no time during the enhancement hearing did defense counsel explain or otherwise alert the trial court as to what "proper objections" he believed were not made with respect to exhibits 1 through 12. Simply stated, defense counsel's objection did not sufficiently enlighten the trial court as to the basis for any objection to these exhibits. Furthermore, there is nothing apparent from the record that the basis for defense counsel's objection concerned the issues of judicial notice or confrontation. See *Ford v. Estate of Clinton*, 265 Neb. 285, 656 N.W.2d 606 (2003) (holding that nothing has been preserved for appellate review when grounds specified for objection at trial are different from grounds advanced on appeal). The record before this court clearly shows the trial court never had an opportunity to rule on the issues now raised by Hall in his first assignment of error. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *State v. McDonald*, 269 Neb. 604, 694 N.W.2d 204 (2005).

Hall's objection to exhibit 7 presents a similar problem. Although Hall did "offer a form and foundation objection" to exhibit 7, again, no specific ground for that objection was stated, nor is it apparent from the record. An objection on the basis of insufficient foundation is a general objection. *King, supra.* If a general objection on the basis of insufficient foundation is overruled, the objecting party may not complain on appeal unless (1) the ground for exclusion was obvious without stating it or (2) the

evidence was not admissible for any purpose. *State v. Davlin,* 263 Neb. 283, 639 N.W.2d 631 (2002). Neither circumstance exists given this record. We determine that with respect to exhibits 1 through 12, Hall's evidentiary objections did not preserve the issues he raises on appeal, and we do not address them.

In contrast, Hall's objection to exhibit 13 does not present the lack of specificity noted with respect to exhibits 1 through 12. The ground for Hall's form and foundation objection to exhibit 13 was clearly articulated when he stated that "the documents are simply certified, they're not authenticated." We determined that Hall's evidentiary objection to exhibit 13 has been preserved for appellate review, which we address in Hall's second assignment of error.

In his second assignment of error, Hall argues that the district court erred in finding he had two prior convictions because "Exhibit 13 was not properly authenticated and was therefore insufficient for enhancement purposes." Brief for appellant at 11.

Hall initially argues that the first page of exhibit 13 is not certified and that the remaining pages were certified by a deputy clerk, not the clerk of the district court in New Mexico whose name is on the certification stamp. Hall's first contention is simply incorrect. The certification for the first page of exhibit 13 is on the back of page 1 and is in the same form as the certification on all the other pages. Thus, Hall's argument is reduced to the sufficiency of the certifications.

Neb. Rev. Stat. § 29-2222 (Reissue 1995) provides:

> At the hearing of any person charged with being an habitual criminal, a duly authenticated copy of the former judgment and commitment, from any court in which such judgment and commitment was had, for any of such crimes formerly committed by the party so charged, shall be competent and prima facie evidence of such former judgment and commitment.

Applying this section, this court has held that when using a prior conviction to enhance a sentence, the State must additionally "prove the defendant was represented by counsel at the time of conviction and sentencing, or had knowingly and voluntarily waived representation for those proceedings." *State v. King,* 269 Neb. 326, 336, 693 N.W.2d 250, 260 (2005). The

existence of a prior conviction and the identity of the accused as the person convicted may be shown by any competent evidence, including the oral testimony of the accused and duly authenticated records maintained by the courts or penal and custodial authorities. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004).

Whether a copy of an official record is "duly authenticated" is governed by Neb. Evid. R. 902, Neb. Rev. Stat. § 27-902 (Reissue 1995), which provides, in relevant part:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(1) A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof, or the Panama Canal Zone or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution;

. . . .

(4) A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian *or other person authorized to make the certification*, by certificate complying with subdivision (1), (2) or (3) of this section or complying with any Act of Congress or the Legislature or rule adopted by the Supreme Court of Nebraska which are not in conflict with laws governing such matters.

(Emphasis supplied.)

Subsection (4) specifically addresses copies of official records. Each copy in exhibit 13 is impressed with the court's official seal, stamped with a certification by the clerk of the district court in New Mexico "as a true and correct copy of the original filed in my office," and signed by the deputy clerk. The inscription on the attestation line identifies the signature as belonging to the deputy clerk.

In *State v. Munn*, 212 Neb. 265, 322 N.W.2d 429 (1982), this court rejected the defendant's contention that a copy of an

out-of-state court record required a judge's certification of an attestation by a deputy clerk and court seal. Neb. Rev. Stat. § 25-1285 (Reissue 1995) provides that judicial records of Nebraska and federal courts can be proved by the clerk or custodian's certification, accompanied by the official seal of office. In contrast, to prove judicial records from other states, former Neb. Rev. Stat. § 25-1286 (Reissue 1979) then imposed an additional requirement that a judge or magistrate certify that the clerk's attestation and court seal were in due form of law.

The certification in *Munn, supra,* was accompanied by the court's seal, and the inscription was essentially the same as presented in this case. The inscription gave the clerk's name and title, certifying the record as a true and correct copy, and identified the signature on the attestation line as that of the deputy clerk. We held that the copy of the record was admissible under rule 902(1) and that the adoption of the Nebraska Evidence Rules had repealed § 25-1286. See, also, *State v. Gales,* 269 Neb. 443, 694 N.W.2d 124 (2005) (accepting deputy clerk's attestation on certification of record of Florida conviction as sufficient to prove self-authenticating record when accompanied by court's seal). Accord, *AMFAC Distribution Corp. v. Harrelson,* 842 F.2d 304 (11th Cir. 1988); *Mathis v. State,* 930 S.W.2d 203 (Tex. App. 1996); *State v. Clites,* 73 Ohio App. 3d 36, 596 N.E.2d 550 (1991). Thus, the certifications in exhibit 13 complied with the requirements in rule 902(1) and did not require extrinsic evidence of authenticity for admission. The district court did not abuse its discretion in admitting exhibit 13.

Hall next argues that the documents in exhibit 13 are insufficient to prove a prior conviction in New Mexico. Hall admits that a certified copy is sufficient to prove a judgment and commitment in this state, but contends in one sentence of his brief that an out-of-state conviction should be held to a higher standard. We reject this contention. The admissibility of evidence in criminal cases is controlled by Nebraska Evidence Rules. *State v. Anglemyer,* 269 Neb. 237, 691 N.W.2d 153 (2005). Rule 902 does not distinguish between in-state and out-of-state court records in its requirements, and we have applied it equally to in-state and out-of-state records of convictions. Compare *State v. Benzel,* 220 Neb. 466, 370 N.W.2d 501 (1985) (analyzing

whether certification of in-state conviction complied with rule 902), *overruled on other grounds, State v. Kuehn,* 258 Neb. 558, 604 N.W.2d 420 (2000), with *Gales, supra.*

We recently held that the State must prove the fact of prior convictions by a preponderance of the evidence. *State v. Hurbenca,* 266 Neb. 853, 669 N.W.2d 668 (2003) (discussing rationale for excepting prior convictions from general rule that facts which increase punishment must be submitted to jury and proved beyond reasonable doubt). Exhibit 13 includes a properly certified copy of a signed judgment and sentencing order to a term of imprisonment over 1 year. We conclude that this evidence is sufficient to establish the fact of Hall's prior conviction in New Mexico. See *Gales, supra.* That, however, does not end our inquiry.

In Hall's first direct appeal, we noted that "Hall concedes that the State met its burden with respect to the Platte County [Nebraska] conviction and that this conviction is valid for enhancement purposes." *State v. Hall,* 268 Neb. 91, 96, 679 N.W.2d 760, 765 (2004). We remanded for a new enhancement hearing after finding the State failed to meet its burden of showing that Hall was represented by counsel at the time of his New Mexico conviction. Exhibit 13 was introduced by the State in an effort to show Hall was represented by counsel when convicted in New Mexico, and we now turn to the sufficiency of exhibit 13 for that purpose.

This court has not previously articulated a specific standard for the State's burden of proving that a defendant had or waived counsel at the time of a prior conviction and sentencing. As noted, however, we apply a preponderance of the evidence standard to the State's burden to prove prior convictions. *Hurbenca, supra.*

We have also stated that "in order to establish evidence's sufficient probative force to prove an earlier conviction for the purpose of sentence enhancement, the evidence must, with some trustworthiness, reflect a court's act of rendering judgment." *State v. Gales,* 269 Neb. 443, 478, 694 N.W.2d 124, 157 (2005), citing *State v. Linn,* 248 Neb. 809, 539 N.W.2d 435 (1995). See, also, *State v. Thomas,* 268 Neb. 570, 685 N.W.2d 69 (2004) (specifically adopting *Linn* standard in habitual criminal cases

and concluding that state's evidence established with requisite trustworthiness rendering of prior judgments despite lack of judge's signature on judgments). Compare *Parke v. Raley*, 506 U.S. 20, 35, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992) (declining to hold that due process requires state to prove by "clear and convincing extrarecord evidence" that defendant understood rights he was waiving at prior plea-based conviction when no transcript of prior proceeding exists).

Read together, our case law demonstrates that in a habitual criminal proceeding, the State's evidence must establish with requisite trustworthiness, based upon a preponderance of the evidence, that (1) the defendant has been twice convicted of a crime, for which he or she was sentenced and committed to prison for not less than 1 year; (2) the trial court rendered a judgment of conviction for each crime; and (3) at the time of the prior conviction and sentencing, the defendant was represented by counsel. We review exhibit 13 under that standard.

Pages 1 and 2 of exhibit 13 show that Hall was represented by Koch prior to his New Mexico trial. Specifically, page 1 of exhibit 13 shows that Koch was Hall's attorney of record for a deposition taken for Hall's trial and page 2 shows that Koch was also notified of a witness the prosecutor intended to call at trial. Page 4 shows that Hall was represented by the public defender's office when the grand jury returned the New Mexico indictment. Page 3 shows that (1) a jury was selected on July 9, 1981, (2) trial began on the same date, (3) Hall was found guilty of robbery while armed with a deadly weapon on July 16, and (4) Hall was represented by Koch.

Finally, pages 5 and 6 are certified copies of the court's "Judgment, Sentence and Commitment." That judgment states that on August 25, 1981, Hall was "sentenced to the custody of the Corrections Division of the Criminal Justice Department" to be imprisoned for a term in excess of 1 year. The judgment further shows that defendant appeared at sentencing personally "and by his attorney RON KOCH."

We conclude that the State's evidence establishes with requisite trustworthiness, based upon a preponderance of the evidence, that Hall was (1) convicted of a crime, sentenced, and committed to prison for a term of not less than 1 year and (2)

was represented by counsel throughout his trial in New Mexico, including the time of his conviction.

## CONCLUSION

The district court properly relied upon copies of court records showing Hall's prior conviction in New Mexico because the certification complied with rule 902. Further, this evidence was sufficient to establish with requisite trustworthiness that Hall was represented by counsel at the time of that prior conviction.

AFFIRMED.