STATE OF NEBRASKA, APPELLEE, V.
DONELL KING, APPELLANT.

724 N.W.2d 80

Filed December 1, 2006.    No. S-05-1212.

James J. Regan for appellant.

Jon Bruning, Attorney General, and Jeffrey J. Lux for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

On direct appeal, we affirmed Donell King's convictions for first degree sexual assault, kidnapping, and robbery. *State v. King*, 269 Neb. 326, 693 N.W.2d 250 (2005) (*King I*). However, we determined that the district court erred in sentencing King as a habitual criminal and therefore vacated the sentences and remanded the cause to the district court with directions to conduct

a new enhancement hearing and resentence. On remand, the district court conducted a new enhancement hearing, determined King to be a habitual criminal, and sentenced him to 10 to 25 years' imprisonment for first degree sexual assault, 10 to 25 years' imprisonment for kidnapping, and 10 to 25 years' imprisonment for robbery, the sentences running consecutively. King appeals these sentences.

## I. BACKGROUND

The State seeks to subject King to enhanced penalties under the habitual criminal statute, Neb. Rev. Stat. § 29-2221 (Reissue 1995) on the basis of two criminal convictions in the State of Illinois: a 1993 conviction for possession of a controlled substance and a 1994 conviction for robbery. Based upon *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002), we determined in *King I* that the State had not met its burden of proving that King either was represented by counsel or had waived the right to counsel at the time of sentencing for his 1994 conviction. We held that this conviction was thus erroneously used for habitual criminal enhancement and did not reach issues raised by King with respect to the 1993 conviction.

At the enhancement hearing on remand following *King I*, the State reoffered all of the exhibits which had been offered at the first hearing. Some were received without objection. Over King's hearsay objection, the court received the transcribed testimony of a crime laboratory technician who testified at the first enhancement hearing on the subject of fingerprint comparisons. The district court sustained King's objections to portions of an exhibit consisting of records of the Illinois Department of Corrections on the ground that such records were not authenticated and constituted hearsay. The district court also sustained King's objection, on grounds of hearsay and lack of authentication, to an unsigned "Report of Proceedings" purportedly held on October 25, 2004, in the circuit court for Cook County, Illinois. The court also sustained King's foundation and hearsay objections and did not receive an affidavit executed by an Illinois prosecutor which was offered by the State.

The State offered two exhibits which had not been offered at the first enhancement hearing. These documents consisted of

transcribed proceedings held in the circuit court for Cook County in 1993 and 1994. Both were signed and certified by an official court reporter. King objected to both exhibits on the ground of insufficient authentication, but the district court overruled the objections and received both exhibits as "official records admissible under [Neb. Rev. Stat. §] 27-902, Subsection 4."

On the record made at the postremand enhancement hearing, the district court found that King was a habitual criminal as defined by § 29-2221 and imposed the same sentences as it had originally: 10 to 25 years' imprisonment for first degree sexual assault, 10 to 25 years' imprisonment for kidnapping, and 10 to 25 years' imprisonment for robbery, with the sentences running consecutively. King perfected this timely appeal, which we moved to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

Before the State filed its appellate brief, it filed a "Suggestion of Remand" in which it acknowledged certain deficiencies in the record with respect to the 1994 conviction and suggested that this court vacate the sentences imposed by the district court and remand the cause with directions to conduct a new habitual criminal enhancement hearing and resentence following the hearing. Because the appeal presented other issues, we declined the State's suggestion and ordered the case fully briefed and argued.

## II. ASSIGNMENTS OF ERROR

King assigns, restated, that the district court erred in (1) determining that he was a habitual criminal as defined by § 29-2221 and (2) determining that documents purporting to show a counseled prior conviction were properly authenticated under the Nebraska Evidence Rules.

## III. STANDARD OF REVIEW

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *State v. Hall*, 270 Neb. 669, 708 N.W.2d 209 (2005); *State v. Anglemyer*, 269 Neb. 237, 691 N.W.2d 153 (2005). A trial court's determination of the admissibility of physical evidence will not

ordinarily be overturned except for an abuse of discretion. *State v. Hall, supra; State v. Gales,* 269 Neb. 443, 694 N.W.2d 124 (2005).

## IV. ANALYSIS

### 1. GENERAL PRINCIPLES

Under the Nebraska habitual criminal statute, § 29-2221(1):

Whoever has been twice convicted of a crime, sentenced, and committed to prison, in this state or any other state . . . for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be an habitual criminal and shall be punished by imprisonment . . . for a mandatory minimum term of ten years . . . .

Furthermore, Neb. Rev. Stat. § 29-2222 (Reissue 1995) provides:

At the hearing of any person charged with being an habitual criminal, a duly authenticated copy of the former judgment and commitment, from any court in which such judgment and commitment was had, for any of such crimes formerly committed by the party so charged, shall be competent and prima facie evidence of such former judgment and commitment.

■ In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove such prior convictions. *State v. Thomas,* 268 Neb. 570, 685 N.W.2d 69 (2004). The State's evidence must establish with requisite trustworthiness, based upon a preponderance of the evidence, that (1) the defendant has been twice convicted of a crime, for which he or she was sentenced and committed to prison for not less than 1 year; (2) the trial court rendered a judgment of conviction for each crime; and (3) at the time of the prior conviction and sentencing, the defendant was represented by counsel or had knowingly and voluntarily waived representation for those proceedings. *State v. Robinson, ante* p. 582, 724 N.W.2d 35 (2006); *State v. Hall, supra; King I, supra.*

### 2. EVIDENTIARY ISSUES

#### (a) Prior Testimony of Crime Laboratory Technician

■ At the second enhancement hearing, the State requested that the court take judicial notice of the testimony of a crime

laboratory technician who had testified at the first enhancement hearing in this case. King's attorney made a hearsay objection, arguing that the technician's unavailability for the second hearing had not been established. The court overruled the objection and received the transcribed testimony. King argues that the technician's prior testimony was inadmissible because unavailability was not established, but he does not specifically assign error with respect to this issue. An appellate court does not consider errors which are argued but not assigned. *State v. Hernandez*, 268 Neb. 934, 689 N.W.2d 579 (2004); *State v. Tyma*, 264 Neb. 712, 651 N.W.2d 582 (2002).

(b) Transcribed Illinois Proceedings

Exhibits 67 and 68, offered for the first time at the second enhancement hearing, are each captioned in the circuit court for Cook County. The documents in question are verbatim transcripts of portions of two separate criminal proceedings involving "Donnell King" conducted in 1993 and 1994. Each exhibit includes a certification page signed by an official court reporter of the circuit court for Cook County, criminal division. In exhibit 67, the court reporter stated that she "reported in shorthand the proceedings had on the hearing in the above-entitled cause" and that she thereafter "caused to be transcribed into typewriting the above Report of Proceedings, which I hereby certify is a true and correct transcript of the proceedings had before the . . . Judge of this court." In exhibit 68, the court reporter certified that she transcribed the document from notes taken by a certified shorthand reporter, producing "a true and correct transcript of said Report of Proceedings as appears from the notes had before the . . . Judge of said court, to the best of my ability." The documents are similar in nature to a bill of exceptions filed in this court.

Authentication and identification of documentary evidence is governed by Neb. Evid. R. 901 and 902, Neb. Rev. Stat. §§ 27-901 and 27-902 (Reissue 1995). Rule 901 provides, generally, that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims. See *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005). Rule 902 further provides that certain documents are self-authenticating; that is, no extrinsic evidence

of authenticity as a condition precedent to admissibility is required. These include:

 (1) A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof . . . or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution;

 (2) A document purporting to bear the signature in his official capacity of an officer or employee of any entity included in subdivision (1) of this section, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine;

 . . . .

 (4) A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with subdivision (1) [or (2)] or complying with any Act of Congress or the Legislature or rule adopted by the Supreme Court of Nebraska which are not in conflict with laws governing such matters.

§ 27-902.

King argues that exhibits 67 and 68 are not self-authenticating documents under rule 902(1) or (2) because they bear no seal and that they do not meet the requirements of rule 902(4), as determined by the district court, because they are not "officially-filed" court documents. Brief for appellant at 13. The State contends that both documents were properly authenticated under the reasoning of *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985), *overruled on other grounds, State v. Kuehn*, 258 Neb. 558, 604 N.W.2d 420 (2000). In *Benzel*, we held that a transcription of proceedings bearing the certification of a court reporter in compliance with our rule pertaining to the preparation of bills of exceptions was self-authenticating pursuant to rule 902(4). See Neb. Ct. R. of Prac. 5 (rev. 2006).

Like Nebraska, Illinois grants its supreme court the authority to make rules of practice and procedure for all courts within the state. 735 Ill. Comp. Stat. Ann. 5/1-104 (1993). In Illinois, a report of proceedings "may include evidence, oral rulings of the trial judge, a brief statement of the trial judge of the reasons for his decision, and any other proceedings that the party submitting it desires to have incorporated in the record on appeal." 1 Ill. Code R. 323(a) (LexisNexis Supp. 2006). The rule provides in part that "[c]ourt reporting personnel who transcribe a report of proceedings shall certify to its accuracy . . . ." *Id.* at 323(b). The rule further provides for the filing of the report of proceedings in the appellate court. *Id.* Rule 902 does not distinguish between in-state and out-of-state court records in its requirements, and we have applied it equally to in-state and out-of-state records of convictions. *State v. Hall*, 270 Neb. 669, 708 N.W.2d 209 (2005); *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005); *State v. Benzel, supra.* Based on our reasoning in *Benzel*, we conclude that because exhibits 67 and 68 are documents authorized by law to be filed in court and their accuracy has been certified by court reporters in compliance with a rule of the Illinois Supreme Court which is harmonious with our corresponding rule, the documents are self-authenticating under rule 902(4). The district court did not err in receiving exhibits 67 and 68.

### 3. Evidence of Prior Convictions

#### (a) 1993 Conviction

The report of proceedings identified as exhibit 68 reflects that on July 20, 1993, King appeared in the circuit court for Cook County with counsel and entered a plea of guilty to the felony offense of possession of a controlled substance. At the same hearing, he received a sentence of 2 years in the custody of the Illinois Department of Corrections. The record also includes a statement of conviction and disposition certified by the clerk of the circuit court for Cook County and bearing the seal of that court, which reflects the conviction and sentence and issuance of a mittimus.

The Illinois court records refer to "Donnell" King, whereas King's first name is spelled "Donell" in the records of this case. The rule of idem sonans is applicable to both civil

and criminal proceedings. *State v. Laymon*, 217 Neb. 464, 348 N.W.2d 902 (1984); *State v. Cardin*, 194 Neb. 231, 231 N.W.2d 328 (1975). Under the doctrine of idem sonans, a mistake in the spelling of a name is immaterial if both modes of spelling have the same sound and appearance. *State v. Laymon, supra*; *State v. Journey*, 201 Neb. 607, 271 N.W.2d 320 (1978). In *Laymon*, the defendant argued that records of prior convictions could not be used for enhancement because they identified the defendant as "Tony I. Layman," not "Tony I. Laymon." 217 Neb. at 465, 348 N.W.2d at 902. We concluded that the surnames were "so similar in pronunciation and appearance and the variation is so slight that they must be regarded as idem sonans." *Id.* at 465, 348 N.W.2d at 903. We further noted that the defendant offered no evidence and made no claim that he was not the same person referred to in the prior conviction records, and concluded that the records were properly received for purposes of enhancement. Here, the names "Donell" and "Donnell" are similar in pronunciation and appearance, and King did not object to the 1993 records on the ground that they referred to a different person.

We conclude that the State proved by a preponderance of the evidence that in 1993, King was convicted of a crime for which he was sentenced and committed to prison for not less than 1 year and that he was represented by counsel at the time of the conviction and sentencing.

### (b) 1994 Conviction

A properly authenticated record of the circuit court for Cook County establishes that in 1994, King was convicted by that court of robbery and was sentenced to imprisonment for 12 years. The record further reflects that a mittimus was issued on the day of sentencing. For the reasons discussed above, the record is sufficient to establish that the person identified in the Illinois records as "Donnell" King is the same person as the appellant. This evidence is sufficient to establish that in 1994, King was convicted of a crime for which he was sentenced and committed to prison for not less than 1 year.

The report of proceedings identified as exhibit 67 includes a verbatim transcript of King's sentencing hearing for the 1994 conviction reflecting that he was represented by an attorney at

that time. A similar document pertaining to King's earlier bench trial, which was received in evidence apparently without objection at the first enhancement hearing, was properly rejected when King objected to its reoffer at the second enhancement hearing because the certification was not signed by a court reporter as required by the Illinois Supreme Court rule 323(b). The evidence received by the court at the second hearing includes a "Notice of Investigation Order" dated October 25, 1994, the date of the conviction. The same attorney is shown on this form as the defense attorney. Exhibit 67 includes a verbatim transcript of the hearing on a motion for new trial which immediately preceded the sentencing hearing. The attorney represented King on both matters. In arguing for the motion for new trial, the attorney stated that he "took the trial" and described certain evidence adduced.

In assessing whether the State proved that King was represented by counsel at the time of his 1994 Illinois conviction, we consider only the evidence which was offered and received at the second enhancement hearing. Any statements in our opinion in *King I* based upon evidence received at the first hearing but not the second are inapposite, inasmuch as our disposition in *King I* required a "new enhancement hearing." It is clear from the record that the district court and the parties understood that evidence received in the first hearing must be reoffered and received in the second hearing in order to be considered. We note that during the pendency of this appeal, the State filed a "Suggestion of Remand" in which it conceded that exhibit 66, the unsigned report of proceedings which was not received at the second enhancement hearing, was "the only piece of evidence that establishes that King was represented by counsel at his 1994 trial and conviction." The State further admitted that the attorney's name on the notice of investigation order did not establish that King was represented by counsel during his 1994 trial and conviction, only that he had counsel "after conviction but before sentencing." We agree with the State's evaluation of this evidence. The attorney's ambiguous statement that he "took the trial" does not provide the requisite specificity necessary to meet the State's burden. On this record, therefore, the 1994 conviction cannot be considered for enhancement purposes under the habitual criminal statutes.

Because the State did not prove two prior convictions as to which King had or waived counsel at the time of conviction and sentencing, we vacate the enhanced sentences which he received under the habitual criminal statute and remand the cause for resentencing. In his brief, King requests that we remand "with directions to the District Court to sentence the Appellant without designation as a habitual criminal." Brief for appellant at 17. In its "Suggestion of Remand," the State suggests that we remand "with directions for [a] new habitual criminal hearing and for resentencing following the hearing." Neither side has briefed the issue of whether the State is entitled to another opportunity to prove that King is a habitual criminal subject to the enhanced sentencing provisions of § 29-2221. We conclude that this determination should be made in the first instance by the district court on remand, and we therefore express no opinion with respect to the issue.

### V. CONCLUSION

For the reasons discussed, we vacate King's sentences and remand the cause for resentencing. Upon remand, the district court may conduct whatever additional evidentiary proceedings it deems appropriate and legally permissible, subject to appellate review.

SENTENCES VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.

HEAVICAN, C.J., not participating.