IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. SAZAMA


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

NATHAN SAZAMA, APPELLANT.


Filed August 30, 2016.    No. A-15-919.


Appeal from the District Court for Lancaster County: JODI NELSON, Judge. Affirmed.

Justin Kuntz, of Hanson, Hroch, & Kuntz, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.


MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

INBODY, Judge.

## I. INTRODUCTION

Nathan Sazama pled guilty to the underlying offense of driving under the influence (DUI) with an alcohol concentration of over .15 of 1 gram per 210 liters of his breath. The trial court found Sazama had two prior convictions for enhancement purposes and found him guilty of DUI, third offense, aggravated. Sazama timely appealed to this court. We reject Sazama's argument that the trial court erred in overruling his objections to certain exhibits used to show a prior 2004 conviction and that the record was insufficient to establish this as a valid, prior offense. Moreover, we reject Sazama's claim that his 2004 conviction was obtained in violation of his Sixth Amendment right to counsel.

## II. STATEMENT OF FACTS

Pursuant to a plea agreement, Sazama, who was represented by counsel, pled guilty to the underlying offense of DUI with an alcohol concentration of over .15 of 1 gram per 210 liters of

his breath. The trial court held a separate hearing regarding sentencing and enhancement. At the sentencing and enhancement hearing, the State offered four exhibits as proof of two prior convictions from 2004 and 2012, and Sazama objected to exhibits 3 and 4 regarding his 2004 conviction. Sazama objected to exhibit 3 on the basis of relevance and best evidence, and objected to exhibit 4 on the basis of hearsay, best evidence, and foundation. Exhibit 3 contained certified copies of multiple JUSTICE journal entries regarding the 2004 conviction and exhibit 4 contained certified copies of the bill of exceptions of the plea and sentencing proceedings for the 2004 conviction. The trial court overruled Sazama's objections and received the exhibits into evidence. The trial court determined Sazama had two prior convictions for enhancement purposes, and found him guilty of DUI, third offense, aggravated. Sazama was sentenced to 180 days' imprisonment, and a 15-year license revocation, with interlock device privileges after 2 years. Additional facts will be discussed in the analysis section below as necessary.

## III. ASSIGNMENTS OF ERROR

On appeal, Sazama's assignments of error, consolidated and restated, are that the trial court erred in receiving exhibits 3 and 4 at the sentencing and enhancement hearing and that the record was insufficient to establish the 2004 conviction as a valid, prior offense. Sazama also contends that his 2004 conviction was obtained in violation of his Sixth Amendment right to counsel.

## IV. STANDARD OF REVIEW

A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Mitchell*, 285 Neb. 88, 825 N.W.2d 429 (2013); *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011).

## V. ANALYSIS

### 1. ADMISSIBILITY OF EXHIBITS 3 AND 4

Sazama contends the trial court erred in determining exhibits 3 and 4 were admissible at the sentencing and enhancement hearing.

### (a) Exhibit 4

Sazama challenged the trial court's admission of exhibit 4 on a variety of grounds. Exhibit 4 consists of the bill of exceptions of the plea and sentencing proceedings in Lancaster County Court in the 2004 conviction. Sazama claims exhibit 4 should have been excluded on the basis of hearsay, best evidence, and foundation. We find no merit to this assertion.

#### *(i) Hearsay*

Sazama claims the 2004 trial court made statements regarding a waiver of counsel form in the bill of exceptions, and that the State is offering these statements from the 2004 proceedings as proof that Sazama waived counsel at that time rather than providing the signed waiver of counsel form. Sazama argues that it is impossible for this court to determine whether he made a valid waiver of his rights without the examination of the actual waiver form.

Hearsay is defined by Neb. Evid. R. 801(3) (Reissue 2008) as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"; in other words, an out-of-court statement. The bill of exceptions at issue was a word-for-word transcription of all the statements made by Sazama, the trial court, and the prosecutor *in court*. The bill of exceptions quite plainly falls outside the definition of hearsay. *State v. Torres*, 283 Neb. 142, 812 N.W.2d 213 (2012).

### (ii) Foundation

Sazama argues the use of the bill of exceptions, rather than the waiver form, creates foundational problems.

An objection based upon insufficient foundation is a general objection. *State v. Thompson*, 278 Neb. 320, 770 N.W.2d 598 (2009). If such an objection is overruled, the objecting party may not complain on appeal unless (1) the ground for exclusion was obvious without stating it or (2) the evidence was not admissible for any purpose. *Id.*

Authentication and identification of evidence is governed by Neb. Evid. R. 901 (Reissue 2008) and Neb. Evid. R. 902 (Reissue 2008). Rule 901 provides the requirements of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims. *State v. King*, 272 Neb. 638, 724 N.W.2d 80 (2006). Rule 902 further provides that certain documents are self-authenticating; that is, no extrinsic evidence of authenticity as a condition precedent to admissibility is required. *King*, *supra*.

The Nebraska Supreme Court has held that a transcription of proceedings bearing the certification of a court reporter in compliance with court rules pertaining to the preparation of bills of exceptions is self-authenticating pursuant to Neb. Evid. R. 902(4). *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985), *overruled on other grounds*, *State v. Kuehn*, 258 Neb. 558, 604 N.W.2d 420 (2000); *King, supra.* Although the certificate in this case contained no seal, the certificate was signed by the court reporter and complied with Neb. Ct. R. App. P. § 2-105 (rev. 2010), which requires a certificate by the court reporter but does not specify that a seal is required.

We determine that the certification of the transcriber of the 2004 proceedings contained at the beginning of exhibit 4 was adequate to authenticate the exhibit, wherein no additional foundation was necessary.

### (iii) Best Evidence

Sazama argues the best evidence of whether he made an informed waiver of counsel would be the actual waiver form itself, not the bill of exceptions of the discussions regarding waiver.

The best evidence rule, also known as the original documents rule, as expressed in Neb. Evid. R. 1002 (Reissue 2008), states that the original writing, recording, or photograph is required to prove the content of that writing, recording, or photograph. The purpose of the rule is to prevent fraud, inaccuracy, mistake, or mistransmission of critical facts contained in a writing, recording, or photograph when its contents are an issue in a proceeding. See *Equitable Life Assur. Soc. of U.S. v. Starr*, 241 Neb. 609, 489 N.W.2d 857 (1992).

In this instance, the contents of the waiver form are not at issue. Rather the issue is whether Sazama had a previous DUI conviction and whether he waived his right to counsel, which is adequately shown by the bill of exceptions. A properly authenticated record for the county court establishes that in 2004 Sazama was convicted of a DUI and that he waived his right to counsel. The bill of exceptions includes a verbatim transcription of the proceedings, including his conviction and his waiver of representation by counsel. Therefore, the bill of exceptions provides sufficient evidence of the waiver of counsel and this argument is without merit.

## (b) Exhibit 3

Sazama challenged the trial court's admission of exhibit 3 on a variety of grounds. Exhibit 3 consists of certified copies of the JUSTICE judicial journal entries involving Sazama's 2004 conviction in Lancaster County Court. Sazama claims exhibit 3 should have been excluded on the basis of best evidence, relevance, foundation, and hearsay. We find no merit to this assertion.

### (i) Best Evidence

Sazama argues the JUSTICE journal entries are not the best evidence because there is no certified copy of the trial court's order or the probation order from the 2004 conviction. Again, as discussed above, the contents of the waiver are not at issue. The JUSTICE journal entries are properly authenticated records for the county court regarding the 2004 conviction. Therefore, the best evidence rule does not apply and the certified copies of the JUSTICE journal entries provide sufficient evidence of the 2004 conviction.

### (ii) Relevance

Sazama contends exhibit 3 is not relevant because it does not show whether he waived counsel at the 2004 conviction proceedings.

Under Neb. Evid. R. 402 (Reissue 2008), irrelevant evidence is not admissible. *State v. Merchant*, 285 Neb. 456, 827 N.W.2d 473 (2013). Under Neb. Evid. R. 401 (Reissue 2008), relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *State v. Ely*, 287 Neb. 147, 841 N.W.2d 216 (2014).

Here, the State offered exhibit 3 for a broader reason than whether Sazama waived counsel at the 2004 proceedings. The relevance in offering exhibit 3 was to show and meet the necessary burden of proof to show a prior conviction for DUI enhancement purposes. Therefore, exhibit 3 contained relevant evidence in proving whether Sazama had any previous DUI convictions for enhancement.

### (iii) Hearsay and Foundation

In his appellate brief, Sazama argues the trial court should have excluded exhibit 3 on hearsay and foundation issues. However, Sazama did not object to exhibit 3 on these grounds at the sentencing and enhancement hearing.

On appeal, a defendant may not assert a different ground for his objection to the admission of evidence than was offered at trial. *State v. Russell*, 292 Neb. 501, 874 N.W.2d 8 (2016). An

objection, based on a specific ground and properly overruled, does not preserve a question for appellate review on any other ground. *Id.*

Here, because Sazama objected to the admission of exhibit 3 at trial only on the grounds of best evidence and relevance, appellate review of his arguments that the exhibit should have been excluded based on foundation and hearsay have been waived.

## 2. SENTENCE ENHANCEMENT

Sazama contends the trial court erred in determining the record was insufficient to establish the 2004 conviction as a valid, prior offense.

Under Neb. Rev. Stat. § 60-6,197.02 (Cum. Supp. 2014), a court is required to make a finding on the record as to the convicted person's prior DUI convictions. *State v. Scheffert*, 279 Neb. 479, 778 N.W.2d 733 (2010). Pursuant to Neb. Rev. Stat. § 60-6,197.02, "[t]he convicted person shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions."

In a proceeding to enhance a punishment because of prior convictions, the State has the burden of proving such convictions by a preponderance of the evidence. *State v. Taylor*, 286 Neb. 966, 840 N.W.2d 526 (2013). Preponderance of the evidence requires proof that the existence of the contested fact is more probable than its nonexistence. *Id.* On an appeal of a sentence enhancement hearing, we view and construe the evidence most favorable to the State. *Id.*

"The existence of a prior conviction and the identity of the accused as the person convicted may be shown by *any* competent evidence, including the oral testimony of the accused and duly authenticated records maintained by the courts or penal and custodial authorities." *State v. Bol*, 288 Neb. 144, 154-55, 846 N.W.2d 241, 252 (2014) (emphasis added). However, "a transcript of a judgment which *fails* to contain an affirmative showing that the defendant had or waived counsel is not admissible and cannot be used to prove a prior conviction, because the State cannot meet its burden of proof with a judgment that would have been invalid to support a sentence in the first instance." *State v. Garcia*, 281 Neb. 1, 14, 792 N.W.2d 882, 892 (2011) (emphasis added).

In the instant case, the State introduced into evidence certified copies of Sazama's 2012 conviction, in addition to a certified copy of the relevant Lincoln Municipal Code effective at the time of the 2003 offense, certified copies of multiple JUSTICE journal entries regarding the 2004 conviction, and certified copies of the bill of exceptions of the 2004 conviction plea and sentencing proceedings. Sazama claims the copies of the bill of exceptions and JUSTICE journal entries should not have been admitted to show the prior conviction by the trial court and that proof of the 2004 conviction was insufficient because the State did not provide copies of the waiver of counsel or waiver of rights forms, or a certified copy of the trial court judge's order or the probation order. We reject this claim.

At the sentencing and enhancement hearing, the State provided certified copies of multiple JUSTICE journal entries regarding the 2004 conviction and certified copies of the bill of exceptions of the 2004 conviction plea and sentencing proceedings, which provided sufficient evidence of the prior 2004 conviction.

As discussed further below, the certified copies of the bill of exceptions of the 2004 proceedings provided an affirmative showing that Sazama waived counsel at the time of his plea hearing, and that the bill of exceptions can therefore be used to prove the 2004 conviction. Thus, we conclude that the district court did not err in receiving exhibits 3 and 4 at the sentencing and enhancement hearing and in finding that the record was insufficient to establish a valid, prior offense.

### 3. SIXTH AMENDMENT RIGHT TO COUNSEL

Sazama contends the 2004 prior conviction based on a guilty plea was obtained in violation of his Sixth Amendment right to counsel. Specifically, Sazama claims he was asked by the trial court in the 2004 conviction proceedings how he intended to plead without being advised of his constitutional rights, including his right to counsel. Sazama further argues that at the 2004 arraignment, the trial court incorrectly informed him of being charged with a first offense "DWI" and that the trial court improperly asked him how he wished to plead without being advised of his constitutional rights. Sazama additionally claims that after he was asked by the trial court judge how he intended to plead and he responded "guilty," that he was then advised to go read a waiver of the right to counsel form and a waiver of rights form.

"[T]he due process requirements of both the state and federal Constitutions are satisfied by the right of direct appeal from a plea-based DUI conviction and the procedure set forth in [Neb. Rev. Stat.] § 60-6,196(3), which permits a defendant to challenge the validity of a prior DUI conviction offered for purposes of enhancement on the ground that it was obtained in violation of the defendant's Sixth Amendment right to counsel." *State v. Louthan*, 257 Neb. 174, 188, 595 N.W.2d 917, 926 (1999). In order to use a prior DUI conviction, the State must prove "at the time of the prior conviction and sentencing, the defendant was represented by counsel or had knowingly and voluntarily waived representation for those proceedings." *State v. Robinson*, 272 Neb. 582, 633, 724 N.W.2d 35, 77 (2006), *abrogated on other grounds by State v. Thorpe*, 280 Neb. 11, 783 N.W.2d 749 (2010). The State establishes a prima facie case for proving a prior, counseled conviction by producing appropriate record evidence of a conviction which discloses at a critical point in the proceedings--arraignment, trial, conviction, or sentencing--the defendant had either intelligently and voluntarily waived counsel or in fact was represented by counsel at one of those times. *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991). The defendant then has the burden of coming forward with evidence that the prior conviction was uncounseled. *Id.* If the State fails to show the constitutional validity of the prior conviction and it was based on the defendant's guilty plea obtained in violation of the defendant's right to counsel, then such conviction is unconstitutional, void, and cannot be used to enhance the sentence for the defendant's subsequent conviction. *State v. Reimers*, 242 Neb. 704, 496 N.W.2d 518 (1993).

In this instance, the bill of exceptions for the 2004 conviction plea proceedings indicates Sazama knowingly and voluntarily waived representation for those proceedings. At the 2004 plea proceedings, the trial court judge asked Sazama if he had read the right to counsel waiver form and Sazama answered in the affirmative. The trial court judge then asked Sazama, "And you understand that, by signing this form, you're telling me that you want to do without the services of a lawyer . . .?" to which Sazama again answered in the affirmative. The trial court judge then

asked Sazama, "And is that what you want to do?" and Sazama replied with "Yes, Your Honor." Further, the court asked certain questions regarding whether Sazama had read the waiver of rights form and whether Sazama wished to waive those rights, and Sazama responded with "Yes, Your Honor" to those questions. Finally, when Sazama was asked if he was entering the plea freely, voluntarily, knowingly, and intelligently, Sazama responded with "Yes, Your Honor." This dialogue, as illustrated in the certified copies of the bill of exceptions provided by the State, indicates Sazama knowingly, intelligently, and voluntarily waived counsel representation for the proceedings, and that it was not obtained in violation of Sazama's Sixth Amendment right to counsel. Therefore, we conclude the prior 2004 DUI conviction offered for purposes of enhancement was not obtained in violation of Sazama's Sixth Amendment right to counsel.

### 4. INCONSISTENCY OF OPINIONS

Finally, Sazama also argues an inconsistency in opinion exists between our court and the Nebraska Supreme Court regarding plea-based convictions and enhancement. Based on our holdings above, we need not address what is required before a plea-based conviction can be used for enhancement purposes. *See Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## VI. CONCLUSION

We reject Sazama's claim that the trial court erred in receiving exhibits 3 and 4 at the sentencing and enhancement hearing and that the record was insufficient to establish a valid, prior offense. Further, we reject Sazama's contention that his 2004 conviction was obtained in violation of his Sixth Amendment right to counsel. Therefore, we affirm his conviction and the enhanced sentence.

AFFIRMED.